McGREGOR W. SCOTT
United States Attorney
KAREN A. ESCOBAR
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:17-CR-261 DAD-BAM |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| v. | DATE: TBD |
| MICHAEL VINCENT ALVAREZ, | TIME: 10:00 a.m. |
| Defendant. | COURT: Hon. Dale A. Drozd |

I. **INTRODUCTION**

A. **Scope of Agreement**

The indictment in this case charges the defendant with a violation of 18 U.S.C. § 39A - Aiming a Laser Pointer at an Aircraft. This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

B. **Court Not a Party**

The Court is not a party to this plea agreement. Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities that may not have been charged in

PLEA AGREEMENT                    1

the indictment. The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II.     DEFENDANT'S OBLIGATIONS

### A.     Guilty Plea

The defendant will plead guilty to a violation of 18 U.S.C.§ 39A - Aiming a Laser Pointer at an Aircraft, as charged in the indictment. The defendant agrees that he is in fact guilty of these charges and that the facts set forth in the Factual Basis For Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case. The defendant understands and agrees that he will not be allowed to withdraw his plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this Agreement. The defendant waives any rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, to the extent that these rules are inconsistent with this paragraph or with this Agreement generally.

### B.     Sentencing Recommendation

The defendant and his counsel agree to recommend a sentence at the high-end of the applicable guideline range derived from a base offense level of 9, a two-level enhancement for reckless endangerment, and a two-level reduction for acceptance of responsibility.

### C.     Defendant's Violation of Plea Agreement or Withdrawal of Plea

If the defendant, violates this plea agreement in any way, withdraws his plea, or tries to withdraw

PLEA AGREEMENT                                           2

his plea, this plea agreement is voidable at the option of the government. The government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. One way a defendant violates the plea agreement is to commit any crime or provide any statement or testimony which proves to be knowingly false, misleading, or materially incomplete. Any post-plea conduct by a defendant constituting obstruction of justice will also be a violation of the agreement. The determination whether the defendant has violated the plea agreement shall be decided under a probable cause standard.

If the defendant violates the plea agreement, withdraws his plea, or tries to withdraw his plea, the government shall have the right: (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge, including perjury, false statements, and obstruction of justice. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision to exercise the options stated in the previous paragraph. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement.

In addition: (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal

Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

### D. Forfeiture

The defendant agrees to surrender the laser pointer that was seized in this case, that is, one black laser pointer emitting a green laser beam, bearing the words, "Laser 303" and containing a danger warning.

Pursuant to 18 U.S.C. §§ 981(a)(1)(C), 981(a)(1)(G), 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c), the defendant agrees to forfeit to the United States voluntarily and immediately all of his right title and interest to the laser pointer capable of emitting a green laser that was seized in this case. The defendant agrees that the foregoing assets constitutes property that facilitated a violation of 18 U.S.C. § 39A.

The defendant agrees not to file a claim to the aforementioned property in any civil proceeding, administrative or judicial, which may be initiated. The defendant agrees to waive his right to notice of any forfeiture proceeding involving this property, and agrees to not file a claim or assist others in filing a claim in that forfeiture proceeding.

The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. The defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding. The defendant agrees to waive any jeopardy defense, and agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine, to the forfeiture of the assets by the United States, the State of California or its subdivisions.

The defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defenses or defects that may pertain to the forfeiture.

### III. THE GOVERNMENT'S OBLIGATIONS

### A. Recommendations

#### 1. Incarceration Range

The government will recommend that the defendant be sentenced to the high-end of the applicable guideline range for his offense derived from a base offense level of 9, a two-level

enhancement for reckless endangerment, and a two-level reduction for acceptance of responsibility..

B. **Use of Information for Sentencing**

The government is free to provide full and accurate information to the Court and the United States Probation Office ("Probation"), including answering any inquiries made by the Court and/or Probation, and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

### IV.    ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense(s) to which the defendant is pleading guilty:

As to the sole count of the indictment, Aiming the Beam of a Laser Pointer at an Aircraft:

1. The defendant aimed the beam of a laser pointer at an aircraft;
2. The aircraft was in the special aircraft jurisdiction of the United States a civil aircraft of the United States, as set forth under 49 U.S.C. § 46501(2) that includes the following aircraft in flight: (a) a civil aircraft, (b) an aircraft of the U.S. armed forces, (c) another aircraft in the U.S.; or (d) another aircraft outside the U.S destined for the U.S.; and
3. He did so knowingly.

The defendant fully understands the nature and elements of the crimes charged in the indictment to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

### V.    MAXIMUM SENTENCE

A. **Maximum Penalty**

The maximum sentence that the Court can impose is 5 years of incarceration, a fine of $ 250,000, a 3 year period of supervised release and a special assessment of $100.

B. **Violations of Supervised Release**

The defendant understands that if he violates a condition of supervised release at any time during

the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to 2 years of additional imprisonment.

## VI. SENTENCING DETERMINATION

### A. Statutory Authority

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

### B. Guideline Calculations

The government and the defendant agree that there is no material dispute as to the following sentencing guidelines variables and therefore stipulate to the following:

| | | |
|---|---|---|
| Base Offense Level: | +9 | (§2A5.2(a)(4)) |
| Reckless Endangerment Adjustment: | +2 | (§3C1.2) |
| Acceptance of Responsibility: | -2 | |
| Total Offense Level: | 9 | |

*Criminal History Category:* TBD

Departures/Variances:     0

Sentencing Recommendation:     **High-end of applicable guideline range**

The parties agree that they will not seek or argue in support of any other specific offense characteristics, Chapter Three adjustments (other than the decrease for "Acceptance of Responsibility"), or cross-references. Both parties agree not to move for, or argue in support of, any departure from the Sentencing Guidelines under United States v. Booker, 543 U.S. 220 (2005).

The defendant also agrees that the application of the United States Sentencing Guidelines to his case results in a reasonable sentence, and that the defendant will not request that the Court apply the sentencing factors under 18 U.S.C. § 3553 to arrive at a different sentence than that called for under the Sentencing Guidelines' advisory guideline range as determined by the Court. The defendant acknowledges that if the defendant requests or suggests in any manner a different sentence than what is called for under the advisory guideline range as determined by the Court, the plea agreement is voidable at the option of the government. The government, in its sole discretion, may withdraw from the plea agreement and continue with its prosecution of the defendant as if the parties had never entered into this plea agreement.

### C.    Waiver of Constitutional Rights

The defendant understands that by pleading guilty he is waiving the following constitutional rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to subpoena witnesses to testify on his behalf; (e) to confront and cross-examine witnesses against him; and (f) not to be compelled to incriminate himself.

### D.    Waiver of Appeal and Collateral Attack

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence. The defendant agrees as part of his plea/pleas, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed 60 months. The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

### E. Impact of Plea on Defendant's Immigration Status

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including offense(s) to which the defendant is pleading guilty. The defendant and his counsel have discussed the fact that the charge to which the defendant is pleading guilty is an aggravated felony, or a crime that is likely to be determined to be an aggravated felony under 8 USC § 1101(a)(43), and that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, it is virtually certain that defendant will be removed. Indeed, because defendant is pleading guilty to a violent crime, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

## VII. ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## VIII. APPROVALS AND SIGNATURES

### A. Defense Counsel

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: 2/23/18

REED GRANTHAM
Counsel for Defendant

### B. Defendant

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement. Finally, I am satisfied with the representation of my attorney in this case.

Dated: 2-23-2018

MICHAEL VINCENT ALVAREZ,
Defendant

### C. Attorney for the United States

I accept and agree to this plea agreement on behalf of the government.

Dated: 2/23/18

MCGREGOR W. SCOTT
United States Attorney

By: KAREN A. ESCOBAR
Assistant United States Attorney

# EXHIBIT "A"
## Factual Basis for Plea

If this matter proceeded to trial, the United States would establish the following facts beyond a reasonable doubt:

On October 22, 2017, at approximately 12:50 a.m., Defendant Michael Vincent Alvarez ("Alvarez") aimed the beam of a green laser pointer at Air-1, a Fresno Police Department helicopter, in the special aircraft jurisdiction of the United States. Air-1 was struck three times by the laser beam, which caused visual interference of the Tactical Flight Officer (TFO), who experienced flash blindness, watery eyes, and glare. The beam of the laser appeared to track the helicopter.

The TFO pinpointed the source of the laser to the driver of a vehicle, later identified as Alvarez. The TFO saw the laser beam emanating from the driver side and kept eyes on the vehicle until the driver was finally apprehended, as described below.

Alvarez was driving southbound on Highway 99 at Belmont in Fresno. Air-1 illuminated the vehicle with the Nightsun search light and notified ground units and dispatch of the location. Alvarez got off at the Fulton exit and drove through the streets of central Fresno. Alvarez was driving erratically at a high rate of speed, causing the tires to smoke and lose traction, and running through red lights.

At Park and Divisadero, Alvarez stopped the vehicle and a female occupant got out of the rear right passenger side. A unit following the vehicle stopped, identified the occupant as Diane Fuentes, and interviewed her.

One ground unit located the vehicle at Community Regional Medical Center (CRMC) where the vehicle turned northbound onto Fresno Street at a high rate of speed. During this portion of the pursuit, dispatch reported that driver was wanted for felony. FPD officers followed the vehicle with lights and sirens activated. The vehicle continued northbound and then turned eastbound onto Hammond, then south onto Angus, then made a U-turn and went north on Angus. At this point, the vehicle drove directly toward the police vehicle, which had to make an evasive maneuver to avoid being hit. The suspect vehicle continued northbound and then turned east onto Floradora, continuing at a high rate of speed. The vehicle crashed into a dumpster on the center median of First Street, which is about 2 miles from CRMC. After crashing, Alvarez ran from the car and pursuing officers.

Alvarez ran into a residential yard and started jumping fences, notwithstanding commands from officers to stop and put his hands up. He was ultimately found hiding under a tree in the backyard of the third house from the crash and was taken into custody.

One of the officers searched the abandoned crashed vehicle and found in the driver side door slot a large black laser, identified by the brand name of Laser 303. It has a prominent danger warning on it.

The laser device was later examined by an atomic, molecular, and optical physicist and former U.S. Marine Corps helicopter pilot who found that the laser emitted 74 mW of power or more than 14 times than the legally permissible output for handheld laser devices.

Dated: 2-23-2018

MICHAEL VINCENT ALVAREZ
Defendant

PLEA AGREEMENT                                          A-1